```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION

DRED COLEMAN,

          Petitioner,                     Case No. 2:12-CV-1213
                                          Judge Marbley
     v.                                   Magistrate Judge King


WARDEN, TRUMBULL CORRECTIONAL
INSTITUTION,

          Respondent.
```

## ORDER

Petitioner brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions in the Franklin County Court of Common Pleas on charges of aggravated murder with a firearm specification, aggravated burglary with a firearm specification, having a weapon under disability with a firearm specification and tampering with evidence, all in connection with the murder of Darryl Wood. The *Petition* raises the following claims:

> 1. The trial court erred and deprived appellant of due process of law when his convictions are not supported by sufficient evidence and were against the manifest weight of the evidence.
>
> 2. Appellant was deprived of his right to be present and to the presence and assistance of counsel during a critical stage of his jury trial violating his right to due process and a fundamentally fair trial.
>
> 3. The trial court erred by imposing consecutive sentences without making the requisite factual findings.

1

On May 5, 2014, the United States Magistrate Judge recommended that the action be dismissed as either procedurally defaulted or without merit. *Report and Recommendation,* ECF 11. This matter is now before the Court on petitioner's objection to that recommendation. *Objection*, ECF 15. The Court will consider the matter *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Petitioner's objection addresses only his sufficiency of the evidence claim. Citing *Rosemond v. United States*, -- U.S. --, 134 S.Ct. 1240 (2014) and *State v. Shabazz*, 2014 WL 1775686, *6 (Ohio App. 8 Dist. May 1, 2014), Petitioner argues that, because there was no evidence "that Dred Coleman knew one or more of the so-called accomplices possessed a gun prior to the aggravated burglary," *Objections*, PAGEID # 1814, his convictions must be vacated. At a minimum, petitioner contends that an evidentiary hearing should be held on this issue. *Id*. Petitioner's arguments are not well-taken.

*Rosemond* stands for the proposition that conviction on a charge of aiding and abetting a federal gun offense under 18 U.S.C. § 924(c) requires proof of advance knowledge that a co-defendant would use or carry the gun. The court in *Shabazz* applied *Rosemond* to reverse the defendant's conviction on charges of aggravated murder, murder, felonious assault with a firearm and having a weapon while under disability in light of the fact that "[t]here was absolutely no evidence that Shabazz was aware that his [accomplice] had a gun." *Shabazz*, 2014 WL 1775686, *8.

2

Even assuming that *Rosemond* applies to this habeas corpus case under 28 U.S.C. § 2254, the evidence amply supports petitioner's convictions and the state appellate court so held:

> In the present case, the state presented evidence indicating that appellant's uncle, Rudolph Lynch, had been charged with a serious drug offense, and that Wood had agreed to testify against him. Several days before the shooting, appellant, who had been living with his uncle, accompanied his uncle to Cleveland to pick up Blevins. Lynch then drove them to Columbus, where Lynch rented a motel room for the two men. The day prior to the shooting, Lynch drove appellant and Blevins to Wood's neighborhood, where they watched his house for approximately one hour. The next day, they returned and waited for Wood and his wife to leave the house and then entered it, searching for drugs and money. Blevins testified that he observed a .357 revolver in the van.
>
> When Wood returned to his house, Blevins and appellant hid in the basement. Wood started down the stairs, but then noticed appellant. As Wood ran upstairs, appellant chased after him and multiple shots were fired outside. Wood was heard saying, "[d]on't kill me" or "[n]o, man, no" before he was killed. (Tr. 291; 549.) Wood was shot five times, including three wounds to the back of the body (head, upper back and mid-back). The testimony by Jones was that the last two shots were fired at close range as the shooter was standing over Wood. (Tr. 293.) Appellant and Blevins fled the area after the shooting and disposed of a weapon, coats, gloves, and a mask. Appellant himself testified he told the police that he lied about his alibi being a girl named "Pebbles."
>
> Blevins testified that appellant told him that Wood had agreed to testify against Lynch. Further, two jailhouse informants provided testimony about encounters with appellant following the shooting. Andre Brown testified that appellant told him that he and Blevins came to Columbus with his uncle, and that his uncle "had paid him to kill a dude so he wouldn't testify on him." Appellant expressed concern to Brown about gunshot residue on his clothing, and that he was worried his co-defendant would "tell

3

on him." The other informant, Mason, similarly testified that appellant expressed concern about gunshot residue on his clothing.

Upon review, considering all of the facts and circumstances, including the number of shots fired and the location of the wounds on the victim's body, there was evidence upon which a reasonable trier of fact could have found that appellant made a calculated decision to kill Wood. Here, construing the evidence most strongly in favor of the state, there was sufficient evidence for the jury to have found that the state proved, beyond a reasonable doubt, the element of prior calculation and design necessary to convict appellant of aggravated murder.

In arguing that his conviction was against the manifest weight of the evidence, appellant challenges the credibility of the testimony of Blevins as well as the testimony of the "jailhouse informants." However, as noted by the state, Blevins' testimony was corroborated by other evidence. The state introduced evidence that a van was rented by Lynch's wife during the time surrounding the events. Cell phone records indicated that appellant phoned Lynch shortly after the incident. Blevins testified that he threw a mask, gloves, and coat in the trash, where they were later recovered by police officers. Blevins also testified that appellant threw the weapon into a sewer, and officers recovered the weapon from that location. A Motel 6 employee testified that appellant appeared to be in charge, and that appellant kept trying to call his uncle. As to the credibility of Brown, one of the informants, the record reflects similarities between Blevins' version of the events and the testimony given by Brown. Further, it was within the province of the jury to believe or disbelieve Brown's testimony, including testimony that appellant stated his uncle "paid him to kill a dude so he wouldn't testify."

Upon review, giving deference to the jury's determinations regarding credibility, and having reviewed the entire record, we do not find that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Accordingly, the conviction is not against the manifest weight of the evidence.

4

> Finally, although appellant's assignment of error only addresses the conviction for aggravated murder, we further note that a review of the record indicates there was sufficient evidence to support appellant's remaining convictions, and that those convictions are similarly not against the manifest weight of the evidence.
>
> Based upon the foregoing, appellant's . . . assignment of error is overruled.

*State v. Coleman*, 2011 WL 1483891 *8-9 (Ohio App. 10 Dist. Apr. 19, 2011).

The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). Moreover, a federal habeas court cannot grant relief unless the state court's decision was contrary to or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Finally, a state court's determination regarding the sufficiency of the evidence is entitled to a "double layer" of deference. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). As the Magistrate Judge reasoned, petitioner has not established that federal habeas relief is warranted.

Petitioner's objections and request for an evidentiary hearing are **DENIED**. The *Report and Recommendation*, ECF 11, is **ADOPTED AND AFFIRMED**.

The Clerk is **DIRECTED t**o enter **FINAL JUDGMENT** in this case.

                                                s/Algenon L. Marbley
                                                    Algenon L. Marbley
                                            United States District Judge